IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LALITKUMAR R. PATEL,

    Plaintiff,

v.

JANET NAPOLITANO, ET AL.,

    Defendants.

Case No. 2:10-cv-435

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 5). This motion has been fully briefed and is now ripe for disposition. Because this Court finds that Plaintiff's complaint does not present a justiciable controversy at this time, Defendant's motion to dismiss will be granted.

### I. Background

Plaintiff, Lalitkumar R. Patel, filed a complaint for declaratory judgment and mandamus relief against Janet Napolitano, Secretary for the United States Department of Homeland Security, and Alejandro Mayorkas, Director of the United States Citizenship & Immigration Services ("USCIS"). In his complaint, Plaintiff alleges the following facts. In 1998, Plaintiff, a United States citizen, filed a family-based immigrant visa petition (Form I-130) on behalf of his sister, Veenaben B. Desai. Compl. ¶ 9. Pursuant to 22 C.F.R. § 42.53(a), the I-130 petition was assigned a priority date of September 18,

1998, based upon the date of receipt by USCIS.[1]  Compl. ¶ 9; Receipt Notice, Compl., Ex. A.  In 2004, Plaintiff alleges that he learned USCIS had denied the petition on May 12, 1999, because Plaintiff had failed to provide the required documentation which had been identified in a Request for Evidence that had been issued on December 29, 1998. Compl. ¶ 11; Decision Notice, Compl., Ex. B.  Plaintiff contends that he did not receive either the December 29, 1998 Request for Evidence or the May 12, 1999 Denial Notice. Compl. ¶ 25.  Plaintiff further alleges that USCIS in fact never sent either notice.[2] Compl. ¶ 25.

According to Plaintiff, sometime in late 1998, his "primary address" changed, but he kept his address of record as a "secondary address" until late 2002.  Affidavit of Lalitkumar Patel, Compl., Ex.G.  Plaintiff claims that he did not receive the Request for Evidence or the Decision Notice while residing at his address of record.[3]  Affidavit of Lalitkumar Patel, Compl., Ex.G.

On April 1, 2004, Plaintiff filed a new I-130 petition on behalf of his sister.[4] Through counsel, Plaintiff requested that the second petition be assigned the same priority date as the first one.  Compl. ¶ 14.  After several months passed with no response from USCIS concerning the requested earlier priority date, Plaintiff obtained the assistance of his congressional representative, Senator Sherrod Brown, to assist with his request.  Compl. ¶ 15.  In response to Senator Brown's inquiry, the Congressional Liaison Team with the California Service Center of USCIS stated, by letter addressed to

---

[1] At the time, the functions of USCIS were performed by its predecessor agency, the United States Immigration and Naturalization Service.  For ease of reference, the Court refers to the predecessor and successor agencies throughout this Opinion as "USCIS".

[2] The basis for this factual allegation is not at all clear.  Plaintiff may have personal knowledge as to whether he ever received the notices.  The complaint includes no allegations as to his knowledge of whether USCIS ever sent the notices.

[3] Plaintiff does not address the portion of the Denial Notice that stated he had provided some, but not all, of the additional documentation requested.

[4] The second petition names his sister as Vinaben R. Patel.  Plaintiff does not explain the name difference on the two petitions.

2

Senator Brown, that the priority date could not be recaptured on Plaintiff's petition. Compl., ¶ 15, Ex. F. The letter offered no additional information or explanation. *See* Compl., Ex. F.

On May 18, 2010, Plaintiff initiated this action, claiming that he is entitled to recover the earlier priority date for his second I-130 petition. As relief, Plaintiff asks this Court (1) to declare that "Defendants' position in refusing to issue the correct priority date [is] an error of law, arbitrary and capricious" and (2) to compel Defendants to grant Plaintiff's originally assigned priority date of September 18, 1998, to his second I-130 petition.

In their motion to dismiss, Defendants argue that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted. Defendants assert three reasons in support of their position. First, they contend that the denial by USCSIS of Plaintiff's first I-130 was not arbitrary or capricious because Plaintiff failed to make a timely submission of all of the documents that USCIS requested in the December 1998 Request for Evidence.[5] Second, they argue that Plaintiff cannot recover the earlier priority date for his second I-130 petition because the first petition was never approved, or, alternately, because Plaintiff has failed to exhaust his administrative remedies, given that USCIS has not yet rendered a decision on the merits second petition, including a decision on whether to assign the earlier priority date. Finally, defendants claim that the earlier priority date cannot be applied under the Child Status Protection Act to his sister's children as derivative beneficiaries of the I-130 petition because the first I-130 was denied.

---

[5] Plaintiff, however, does not argue to the contrary. Although Plaintiff claims that USCIS did not send the Request for Evidence or the Denial Notice and that he never received either document while residing at his address of record, his complaint does not allege that the denial by USCIS of the first I-130 was arbitrary or capricious. Rather, his complaint alleges that the agency's refusal to assign the September 1998 priority date to the second I-130 is arbitrary and capricious.

3

## II. Discussion

### A. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). Moreover, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

### C. Analysis

1. *Allegation of Arbitrary and Capricious Refusal to Assign Earlier Priority Date to Second Petition*

Insofar as Plaintiff seeks an order declaring as arbitrary and capricious Defendant's ostensible refusal to give Plaintiff's second I-130 petition a priority date of September 18, 1998 and an order compelling Defendant's to assign the earlier priority

4

date to the second petition, this Court agrees with Defendants that Plaintiff's claims fail to present a justiciable controversy, but reaches that conclusion under the doctrine of finality rather than exhaustion.[6] "It may be observed that the concepts of 'final decision' and 'exhaustion' are often closely intertwined and sometimes confused." *Bethlehem Steel Corp. v. EPA*, 669 F.2d 903, 908 (3d Cir. 1982). Nevertheless, regardless of the degree to which they frequently overlap, finality and exhaustion represent analytically distinct legal concepts:

> While the policies underlying the two concepts often overlap, the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.

*Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 192-93 (1985). The purposes behind the two doctrines, however, are aligned: "'[O]ne of the principal reasons to await the termination of agency proceedings" is the possibility that a dispute may be mooted if the party ultimately prevails before the agency, thereby obviating the all occasion for judicial review." *Bethlehem Steel*, 669 F.2d at 908 (citing *Standard Oil*, 449 U.S. at 244, n. 11).

Regarding finality, the Administrative Procedure Act provides, in relevant part:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration or, unless the agency otherwise requires by rule and provides that the action meanwhile is

---

[6] Because the Court concludes that this case presents no justiciable controversy for lack of finality, Defendant's merits-based grounds for dismissal will not be addressed.

5

inoperative, for an appeal to superior agency authority.

5 U.S.C. § 704. In sum, absent "final" action taken by an agency, the APA provides no cause of action to challenge agency decisions.

"An agency action is not final if it is only 'the ruling of a subordinate official' or 'tentative.'" *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 152 (1967)). In sum, the foundational issue a court must determine is "whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Id.* A two-pronged test applies for making this determination:

> As a general matter, two conditions must be satisfied for agency action to be final: First, the action must mark the "consummation" of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotation marks and citations omitted).

In this action, Plaintiff appears to rely on the USCIS congressional liaison letter to Senator Brown as the final determination by the agency regarding Plaintiff's request to assign the earlier priority date to his second I-130 petition. Although that letter indicates the likelihood that Plaintiff's request will be denied, it does not constitute final agency action. At most, the letter forms a tentative determination; it does not represent the consummation of USCIS's decisionmaking process. Because a final agency decision has not been rendered on Plaintiff's second I-130 petition or on the ancillary issue of what priority date will ultimately be assigned, the Plaintiff's complaint presents no justiciable claims entitling him to the remedy he seeks, i.e., the assignment of the earlier priority date to the second petition.

6

B. *Allegation of Due Process Violation for Denial of First Petition without Proper Notice*

Plaintiff contends that USCIS's failure to send a Request for Evidence or Denial Notice concerning the first I-130 petition violates his due process rights. Defendants contend that Plaintiff necessarily received the Request for Evidence because he submitted some of the requested documentation, as evidenced by the Denial Notice, which Plaintiff filed with this Court as an exhibit to his complaint. Compl., Ex. B, at 2. Although the Court agrees that Exhibit B may raise an inference that Plaintiff did, in fact, receive the Request for Evidence, the Court recognizes that Plaintiff may have submitted his birth certificate to USCIS for reasons entirely unrelated to the Request for Evidence. Fundamentally, the Court cannot resolve disputed facts in the course of a 12(b)(6) motion. Thus, for purposes of the motion at bar, the Court accepts as true Plaintiff's allegation that he did not receive the Request for Evidence or the Denial Notice. However, based upon the legal claim Plaintiff has asserted, the relevant question here, as explained below, appears to be not whether Plaintiff received the Request for Evidence and/or the Denial Notice but whether USCIS sent them.

To state a viable due process claim, a plaintiff must first identify a protected property or liberty interest. *Board of Regents v. Roth*, 408 U.S. 564, 571 (1972). A regulation may create a protected liberty interest if it uses mandatory language to place a substantive limit on official discretion. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Plaintiff relies on the following regulation governing immigrant petitions:

> (h) Requests for additional documentation. When the Service determines that the evidence is not sufficient, an explanation of the deficiency will be provided and additional evidence will be requested. The petitioner will be given 60 days to present additional evidence, to withdraw the petition, to request a decision based on the evidence submitted, or to request additional time to respond. If the director determines that the initial 60-day

7

>period is insufficient to permit the presentation of additional documents, the director may provide an additional 60 days for the submission. The total time shall not exceed 120 days, unless unusual circumstances exist. Failure to respond to a request for additional evidence will result in a decision based on the evidence previously submitted.

8 C.F.R. § 204.1(h) (effective to June 17, 2007; reserved effective June 18, 2007).

Assuming without deciding that failure to provide the notice described in 8 C.F.R. § 204.1(h) implicates a recognized liberty or property interest sufficient to invoke due process protections, Plaintiff has not requested any relief relating to the denial of the first I-130 petition. The only relief Plaintiff seeks relates to recapturing—for the second petition—the priority date assigned to the first petition, not the decision by USCIS to deny first petition. Accordingly, the Court discerns no claim upon which relief can be granted.

## III. Conclusion

For the reasons discussed above, the Court **GRANTS** Defendant's motion to dismiss (Doc. 5). Plaintiff's complaint is **DISMISSED** without prejudice to refiling.

**IT IS SO ORDERED.**

1-6-2011
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

8